Filed 1/20/23  P. v. Kaulaity CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>GERT APPRICHO KAULAITY,<br><br>        Defendant and Appellant. | C096049<br><br>(Super. Ct. No. SCCRCRF20201333, SCCRCRF20201348) |

Appointed counsel for defendant Gert Appricho Kaulaity has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)

After examining the record, we have identified two minor clerical errors in sentencing and in the abstract of judgment that warrant correction.  We will correct the sentencing error and direct the trial court to correct the error in the abstract of judgment. Finding no other errors that are favorable to defendant, we will affirm the judgment.

1

# I. BACKGROUND

Defendant pointed a semiautomatic firearm at the victim's head and threatened to shoot him after the victim noticed defendant was parked in the victim's parking space at his apartment complex. In case No. SCCRCRF20201333 (1333), the prosecution charged defendant with assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b)—count 1);[1] assault with a firearm (§ 245, subd. (a)(2)—count 2); making a criminal threat (§ 422, subd. (a)—count 3); possession of a firearm by a convicted felon (§ 29800, subd. (a)(1)—count 4); and, exhibiting a firearm (§ 417, subd. (a)(2)(B)—count 5). The prosecution also alleged defendant personally used a firearm as to counts 1 through 3 (§ 12022.5), and committed the offenses while he was released on bail as to counts 1 through 4 (§ 12022.1).

In case No. SCCRCRF20201348 (1348), the prosecution charged defendant with two felony counts of failure to appear (§ 1320, subd. (b)) and two misdemeanor counts of failure to appear (§ 1320, subd. (a)) after he failed to appear for ordered appearances in two other cases.[2] The prosecution also alleged defendant was released on bail when he committed the offenses alleged in the former two counts.

Defendant pled no contest to assault with a semiautomatic firearm and possession of a firearm as a convicted felon, and admitted the allegation that he personally used a firearm in case No. 1333. Defendant also pled no contest to all counts and admitted the allegation he had committed the offenses while released on bail in case No. 1348.

Under the agreements resolving the two cases, defendant would be placed on probation for five years, with a sentence of up to 364 days in jail. He received a waiver under *People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*). Defendant failed to report to the

---

[1] Undesignated statutory references are to the Penal Code.

[2] One of the felony counts in case No. 1348 was reduced to a misdemeanor.

2

probation department several times and failed to appear for multiple sentencing hearings. The prosecution filed a notice of violation of the *Cruz* waiver.

Before a hearing on the *Cruz* violation, defense counsel declared a conflict of interest and the court appointed new counsel. At the next hearing, defendant requested a hearing under *People v. Marsden* (1970) 2 Cal.3d 118 as to his original attorney. The court interpreted defendant's statements as a request to withdraw his plea and requested a noticed motion and a response from the prosecution. The parties filed briefing and the court denied the motion.

At the next hearing, the parties announced a disposition to resolve the cases, along with two new cases defendant had accrued. In case No. 1333, defendant would be sentenced to six years for assault with a semiautomatic firearm, plus four years for the personal use of a firearm enhancement. Defendant would receive concurrent sentences for the remaining counts in case Nos. 1333 and 1348, as well as for the counts in his other cases. The court accepted defendant's plea in the remaining cases and sentenced defendant in accordance with the agreed disposition. Considering defendant's ability to pay, the court imposed a $300 restitution fine (§ 1202.4, subd. (b)) and a $300 parole revocation fine (§ 1202.45), suspended pending revocation of parole, in case No. 1348; and a $300 restitution fine (§ 1202.4, subd. (b)) and $300 parole revocation fine (§ 1202.45), suspended pending revocation of parole, in case No. 1333. The court also imposed a variety of fines in the other cases included in the agreement.

After a failed attempt to file a notice of appeal in the case, we permitted defendant to file a notice of appeal under the constructive filing doctrine. The notice of appeal was based on matters that do not affect the validity of the plea, and no certificate of probable cause was attached.

## II. DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable

issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Our review of the record disclosed a minor error at the sentencing hearing. At the sentencing hearing, the trial court announced its intention to reduce the probation officer's recommended restitution fines to $300, based on defendant's ability to pay. In the written order describing the fines and fees imposed, the court also reduced the recommended restitution fines to $300 for each case. In the minute order for the hearing in case No. 1333, the restitution fine is also denoted as $300. In the oral pronouncement of sentence for case No. 1333, however, the court imposed the full recommended restitution fine of $6,000. Given the multiple references to the $300 restitution fine by the court, both orally and in writing, it is clear that the court simply made a misstatement when it imposed a $6,000 restitution fine while going through the lengthy list of fines imposed for defendant's numerous cases. We will correct the record accordingly. (See *People v. Jack* (1989) 213 Cal.App.3d 913, 915-916.)

Second, we note an error in the abstract of judgment that warrants correction. Although the trial court imposed restitution and parole revocation fines for both cases at sentencing, the abstract of judgment does not reflect those fines. Typically, "[w]here there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) We will direct the court to correct the abstract of judgment to accurately reflect those fines.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

4

## III.  DISPOSITION

The judgment is affirmed.  The trial court is directed to correct the abstract of judgment to accurately reflect the $300 restitution fines imposed under section 1202.4, subdivision (b)(2) and $300 parole revocation fines imposed under section 1202.45 in case Nos. 1333 and 1348.  The court is directed to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

/S/

_____
RENNER, Acting P. J.

We concur:

/S/

_____
KRAUSE, J.

/S/

_____
EARL, J.